## Southern Tent and Awning Co., et al. v. Smith, et al.

(Decided September 26, 1911.

### Appeal from Bell Circuit Court.

Lighting Plant—Action to Recover Judgment Against Hotel Company For—Evidence.—In an action to recover judgment against Ould and a hotel company for the installation of a lighting plant in the hotel, and to enforce a contract made with their agent, the evidence fails to establish the contract as having been made with Ould or the hotel company, or that the written consent of either of these parties had been obtained for the installation of the plant.

METCALF & JEFFRIES, HARDIN & HARDIN for appellants.

SAMPSON & SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, a Kentucky corporation, has the power to sue and be sued, to make and execute contracts for the lighting of buildings for the benefit of the Eureka Light Co. In November, 1909, the New Middlesborough Hotel Company, owned a hotel in the town of Middlesborough, Ky., of about one hundred rooms. E. H. Ould owned

more than ninety shares of the company's stock and his wife and brother-in-law owned the balance. It was virtually owned by E. H. Ould, the others holding the stock only for the purpose of organization. It was considerable expense to light the hotel with electricity, so in October, 1909, Ould directed a letter to the Incandescent Light Company, of Cincinnati, Ohio, inquiring of the feasibility and practicability of lighting the house by some other means. This letter was sent by the Cincinnati Company to appellant, and Mr. Wise, the general manager, was sent to see Mr. Ould, who sent him to J. W. Smith, who was in charge of the hotel. Mr. Wise had a small machine with him which he put into operation to demonstrate his light plant which he was trying to sell. The parties talked the matter over for several days and visited other buildings lighted with the same kind of machine and made inquiry as to the cost of operating it, etc. It was finally agreed that Wise should install the plant at the price of $1,400.00, which he did by November 16th, and J. W. Smith signed and delivered to him a writing in which it was stated that he then paid Wise $200.00 in cash and executed his note for the deferred annual payments. The writing also stated that this $1,400.00 was given for installing the plant in this hotel for the "New Middlesborough Hotel Co." In fact, none of the purchase price was paid. The check given at the date of the contract was protested. Smith took the bankrupt law.

It appears that Smith was the lessee of a man by the name of Steel, who was the assignee of the New Middlesborough Hotel Co. His lease was for no definite time, but was to continue only so long as Steel was receiver. But it also appears from the testimony of Smith that he had an understanding with Ould that his lease would be extended, at all events, to the first of January, 1910, with the privilege of buying the property, which he says he would have done if the "night riders had not burned everything in Western Kentucky." Appellant filed the claim in the county court clerk's office for the purpose of creating a lien upon the building in which it was located, and this action was brought to enforce that lien. The lower court dismissed the claim. It is conceded that the plant lighted the hotel well and is a good one; that it was about one-half as expensive as electricity; that Ould used it himself and bought repairs for it after he became the assignee of Smith, and that he finally became the

owner of it by a deed from the New Middlesborough Hotel Company.

The pleadings, as made up, amount, in substance, to this: Appellants allege that their agent, Wise, sold the plant to Smith, Ould and the New Middlesborough Hotel Company, and that the sale was made with the written consent of Ould and the hotel company. Ould and the hotel company answered denying that they ever contracted with appellant, or its agent, for the installation of the plant; that they, or either of them, gave their written consent, or any consent for the plant to be installed. Wise, the agent, testified that he did not know at the time that Smith was only the keeper of the hotel; that he took him to be the agent of Ould, as he sent him to Smith and Smith did most of the talking and contracted with him with reference to the installation of the plant; that when he first talked to Ould he expressed some doubt as to the propriety of putting in a gasoline plant because he thought it was dangerous and would increase his rate of insurance; that he satisfied Ould the danger was insignificant and told him to make inquiry himself as to the effect on the rate of insurance; that when he was demonstrating his plant, Smith sent for Ould to come; that Ould came and examined it and then went with them to another building which was lighted in the same manner; that after examining it Ould told Smith to proceed and have the plant installed; that Ould was at the hotel frequently while the work was going on; that he seemed pleased with the progress thereof, and made no objection whatever to the installation of the plant. Ould denied the testimony of Wise, except he admitted seeing the small machine at the hotel and that he was at the hotel frequently while the plant was being installed, but was there, he says, only to see that the building was not injured in the installation of the plant. He stated that he had nothing to do with the installation of the plant in any respect; that he was not interested in it except to the extent stated; that when he took possession of the property as the assignee of Smith, some supplies for the plant, which had been ordered previously, came and he paid for and used them. Smith also testified that he bought the plant himself; that he did not act as agent of Ould or the hotel company; that he tried to get Ould to buy it for him, but he refused to do it. The only written contest of Ould and the hotel company for the installment of the plant, claimed by appellant, is

a letter by Ould to the Incandescent Light Company, of Cincinnati. The language of it does not show any consent for the installation of the plant; it simply asked for information as to the character of plant suitable for the hotel and the probable cost of it. According to Wise's testimony, Ould might have been regarded as contractor for the plant and the acts of Smith merely regarded as the agent of Ould, but this idea is controverted by the testimony of Ould and Smith and the writing sued on, which shows that appellant contracted with Smith and took his notes for the deferred payments. There is no intimation in the writing that either Ould or the hotel company in any way bound themselves for the price of the plant, or any part of it. The contract further shows that appellant retained the title to the light plant until the full purchase price was paid; that in case of default of any payment it had a right to take possession of the plant and remove it from the building. Smith reserved the right in the contract he had with the hotel company, to make any improvements or install any equipments in the hotel at his own expense, which he had a right, upon vacating the hotel, to remove if the hotel company did not purchase them. By this contract the hotel company expressly waived all right to claim any of the improvements made by Smith on the ground that they became fixtures and a part of the building. All these facts go to confirm the idea that the contract for the plant was made with Smith for himself, and not for the hotel company or Ould.

This action was instituted to recover a judgment against Ould and the hotel company and to enforce a contract appellant had made by their agent, but, as stated, it failed to establish this contract as having been made with Ould or the hotel company, or that they had obtained the written consent of either of these parties for the installation of the plant. As will be seen, this action was not brought to recover the plant, and a judgment in the case will not be a bar to such proceeding.

For these reasons, the judgment of the lower court is affirmed.